UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEITH LONDON,
        Plaintiff,

v.                                             Case No. 14-CV-0125

DR. ROMAN KAPLIN, DR. T. WILLIAMS,
DR. LEE, DR. JOHN SIEBERT, HEIDI BLAIR,
SARA SCHNEIDER, ANN SCARPITA,
UW MADISON HOSPITAL'S BOARD OF TRUSTEES AND ADMINISTRATORS,
JIM SCHWOCHERT, SAM SCHNEIDER,
DAYLON RADTKE, CHUCK PEARCE,
JOEL FOLLMER, ELISE UGARTE,
AMY RADCLIFF, SAM BROOKING,
BONNIE GUGLER, F. PARADZIKOVIC,
JENNIFER WALKER, BECKY DIXON,
BRENDA BALL, LISA ALVEREZ,
BETH WILLINGER, MARY BOGANZ,
CARLY HENNINGS, CAROL OESTREICH,
LINDA EDMUNDS, JENNIFER KOEHLER,
WENDY KOENIG, DAVE STRELOW,
JOHN WICHMAN, BRUCE FELDMAN,
KIMBERLY KABOT, PAT TOUTANT, and
BETH WILLIAMS
        Defendants,

## DECISION AND ORDER

Plaintiff, Keith London, a state prisoner, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before me on several motions filed by plaintiff and for screening of the complaint.

### I. MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Plaintiff has been assessed and paid an initial partial filing fee of $1.16. I will grant his motion for leave to proceed *in forma pauperis*.

## II. SCREENING

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). I may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff's sprawling 53-page complaint names 34 defendants. As I waded through plaintiff's complaint, with his allegations arranged by defendant rather than narratively or chronologically, I discovered part of the reason for the length and breadth of the complaint.

Based on my reading of the complaint, it appears that plaintiff is attempting to improperly bring unrelated claims in a single case. As instructed by the Seventh Circuit Court of Appeals, under the controlling principle of Rule 18(a), Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George, 507 F.3d at 607.

Moreover, the court in George reminded district courts that Rule 20, Federal Rules of Civil Procedure, applies as much to prisoner cases as it does to any other case. 507 F.3d at 607. Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."

The majority of plaintiff's complaint relates to problems with the medical care plaintiff has received at Dodge Correctional Institution. Although plaintiff's medical claims are against 21 medical professionals and the manager and assistant manager of the infirmary at Dodge, it is likely that they could be properly joined together, especially given plaintiff's disability and his complicated medical history and needs. The improper or insufficient

4

medical care may also give rise to claims under the Americans with Disabilities Act or the Rehabilitation Act. However, plaintiff's claims against security staff (versus medical staff) at Dodge that relate to access to a typewriter are unrelated. As is a medical claim against a doctor at the UW Hospital, unless it can be tied more directly to medical care he received at Dodge. Another distinct claim is plaintiff's challenge to a UW Hospital policy that prohibited plaintiff from contacting nursing staff directly. There also appear to be separate claims regarding a single instance of legal mail being opened outside plaintiff's presence and problems with the business office regarding plaintiff's access to his own medical records. It is unclear at this time whether plaintiff's claims regarding defendant Pearce taking away plaintiff's personal wheelchair, defendant Lee's inadequate dental care, or the error regarding the end date for Ramadan relate to other claims in the complaint.

For the foregoing reasons, I find that the complaint violates Rules 18 and 20 insofar as it advances unrelated claims against multiple defendants at two separate prisons. The George court instructed that such "buckshot complaints" should be "rejected." Id. Therefore, I will strike the original complaint submitted on February 5, 2014. Plaintiff will be allowed to file an amended complaint in this case incorporating only properly related claims. Any unrelated claim must be brought in a separate action.

Plaintiff is advised that because an amended complaint supersedes a prior complaint, any matters not set forth in the amended complaint are, in effect, withdrawn. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). If plaintiff files an amended complaint, it will become the operative complaint in this action, and I will screen it in accordance with 28 U.S.C. § 1915A.

Further, plaintiff is advised that 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. See Pacelli v. deVito, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. Id. Thus, with respect to any claim or claims advanced in his amended complaint, plaintiff must identify the individual defendants and specify the manner in which their actions, or failure to take action, violated his constitutional rights.

I further remind plaintiff that employees of the Department of Corrections are not "amenable to suit under the Rehabilitation Act or the ADA" in their individual capacities. Jaros v. Illinois Dept. of Corrections, 684 F.3d 667, 670 (7th Cir. 2012) (citing 29 U.S.C. § 794(b) and 42 U.S.C. § 12131). It is also an open question whether state officers are immune from suits under the ADA. Norfleet v. Walker, 684 F.3d 688, 690 (7th Cir. 2012) (citing United States v. Georgia, 546 U.S. 151, 158-59 (2006)).

Additionally, plaintiff sets forth numerous retaliation claims. To state a retaliation claim, the "bare minimum" includes the facts that would apprise the defendants of what the plaintiff did to provoke the alleged retaliation and what they did in response. See Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002); Walker v. Thompson, 288 F.3d 1005, 1012 (7th Cir. 2002) ("a plaintiff alleging retaliation must reference, at a minimum, the suit or grievance spawning the retaliation and the acts constituting the retaliatory conduct"). Plaintiff should provide these details for each retaliation claim in his amended complaint.

I note that many of plaintiff's retaliation claims involve what he describes as falsified conduct reports or false testimony at conduct report hearings. When an issue in a prisoner case calls into question the judgment of a disciplinary decision, I may not address the issue until the decision of the disciplinary hearing has been reversed within the state system. Edwards v. Balisok, 520 U.S. 641, 646-47 (1997). The issue is not cognizable under §1983 until plaintiff has shown that the disciplinary decision has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. Dixon v. Chrans, 101 F.3d 1228, 1230 (7th Cir. 1996); Miller v. Indiana Dept. of Corrections, 75 F.3d 330, 331 (7th Cir. 1996).

### III. PLAINTIFF'S OTHER MOTIONS

Plaintiff has filed two motion for temporary restraining orders. To obtain preliminary injunctive relief, whether through a TRO or preliminary injunction, plaintiff must show that (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. Wood v. Buss, 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, I must then balance the harm to each party and to the public interest from granting or denying the injunction. Id.; Korte v. Sebelius, 735 F.3d 654, 665 (7th Cir. 2013); Cooper v. Salazar, 196 F.3d 809, 813 (7th Cir. 1999).

In plaintiff's first motion (ECF 4), he asks me to enjoin "named respondents, their successors in office, agents and employees and all other persons acting in concert and participation with them, from practicing in any way any medical treatment, care, or function on the petitioner." (ECF 5, p. 1). This broad request for relief reveals itself as even

7

broader when I consider that plaintiff has named as defendants at least 23 medical professionals at Dodge Correctional Institution. I do not know the exact size of the Health Services Unit at the prison, but I cannot exclude from plaintiff's care 23 of the institution's medical professionals, including their successors, agent, employees, and all others acting in concert or participation with them. Additionally, while many of the averments in plaintiff's complaint are very serious, he has not shown a likelihood of success on the merits. Nor has he shown that no adequate remedy at law exits or that he will suffer irreparable harm without the injunction. I will deny his motion.

In plaintiff's second motion for a temporary restraining order (ECF 13), he requests the same relief but provides additional facts regarding an incident where he felt pressured to decide about whether to have a colonoscopy. He also submits that as of January 28, 2014, he must notify nursing staff in advance of his entire daily itinerary. He believes this new policy is in retaliation for him filing this case. While plaintiff may have additional claims arising out of these incidents, for the same reasons discussed above, plaintiff's unsworn description of incidents does not provide the basis for me to issue a blanket injunction excluding at least 23 medical professionals from participation in plaintiff's medical care. I will deny this motion.

Plaintiff also filed a document docketed as a motion to amend/correct procedure of the court and a motion for sanctions. Plaintiff asks the court for an order relieving him from having to serve copies of his complaint and all subsequent filings on all of the named defendants. There is no need for a court order in this regard. Plaintiff's request is consistent with the court's current procedures. Plaintiff only needs to submit one paper

8

copy of each document he files with the court. Defendants, once they are represented by counsel, will be notified electronically once the document has been scanned and docketed.

As part of this motion, plaintiff also asks for sanctions of $100,000 against Warden Jim Schwochert for withholding a functioning typewriter from plaintiff. As the typewriter is plaintiff's only means of communication, I certainly hope that plaintiff continues to have a functioning typewriter available to him to correspond with the court, but I do not consider sanctions appropriate at this time.

Finally, on September 2, 2014, plaintiff filed a motion asking me to stay all orders and rulings until the United States Court of Appeals for the Seventh Circuit could rule on a petition for mandamus he filed there. I have been working on plaintiff's pending cases and preparing screening orders in the two cases in which he has paid his initial partial filing fee. Accordingly, I will deny plaintiff's motion to stay in this case and issue this decision.

## IV. ORDER

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for temporary restraining order (Docket #4) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend/correct procedure of the Court (Docket #6) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for sanctions (Docket #6) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for temporary restraining order (Docket #13) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to stay all orders (Docket #16) is **DENIED**.

**IT IS FURTHER ORDERED** that the complaint submitted on February 5, 2014, be and the same is hereby **STRICKEN**.

**IT IS FURTHER ORDERED** that plaintiff is directed to file an amended complaint on or before **October 10, 2014**, which contains only related claims in accordance with this Order.

**IT IS FURTHER ORDERED** that if plaintiff does not file an amended complaint by October 10, 2014, that complies with the requirements of Rules 18 and 20, Federal Rules of Civil Procedure, this action will be dismissed for failure to prosecute.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prisoner trust account the $348.84 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>United States District Court
>Office of the Clerk
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dated at Milwaukee, Wisconsin, this 10th day of September, 2014.

>s/ Lynn Adelman
>_____
>LYNN ADELMAN
>District Judge